J-S47019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ALVIN WASHINGTON | |
| Appellant | No. 422 MDA 2015 |

Appeal from the Judgment of Sentence January 20, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005006-2013

BEFORE: ALLEN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 28, 2015**

Alvin Washington appeals from the judgment of sentence entered January 20, 2015, in the Court of Common Pleas of Berks County. Washington entered into an open plea to a single count of aggravated assault, 18 Pa.C.S. § 2702(a)(1). A presentence report had already been prepared and Washington was sentenced the same day to a term of nine to twenty years' incarceration. In this timely appeal, Washington claims the trial court erred in denying his post-sentence motion to either modify his sentence or withdraw his guilty plea. Counsel filed an **Anders**[1] brief asserting the appeal is frivolous and seeks to withdraw as counsel. In its

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).

Pa.R.A.P. 1925(a) opinion, the trial court agrees that there are no non-frivolous issues.[2]  Following a thorough review of the submissions by the parties, the certified record and relevant law, we grant counsel's motion to withdraw and affirm the judgment of sentence.

> As we do not address the merits of issues raised on appeal without first reviewing a request to withdraw, we review counsel's petition to withdraw at the outset. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*).  The procedural requirements for withdrawal require counsel to: 1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the **Anders** brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se,* additional arguments that the defendant deems worthy of the court's attention. **Id.**

**Commonwealth v. Zeigler**, 112 A.3d 656, 659 (Pa. Super. 2015).[3]

Our review of the certified record confirms counsel has complied with the above stated requirements.

Next, we are required to determine whether the **Anders** brief complies with the requirements set forth in **Commonwealth v. Santiago**, 978 A.2d 349  (Pa. 2009).  Those requirements are:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that

---

[2] Washington's counsel filed a statement pursuant to Pa.R.A.P. 1925(c)(4) of his intention to file an **Anders** brief.

[3] Washington filed a response to counsel's brief and petition to withdraw pursuant to **Anders**.  In addition, Washington filed a *pro se* "continuation of brief for appellant."

counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Zeigler*, 113 A.3d at 660.

Our review of the brief confirms the brief complies with the *Santiago* requirements. We now review the merits of Washington's claims. He argues the trial court erred in failing to grant his post-sentence motion to either withdraw his guilty plea or modify his sentence. Prior to the trial court accepting Washington's guilty plea, Washington filled out and signed a written colloquy form indicating, in relevant part, that no one had forced him into the plea, he was of sound mind, he understood his rights as outlined in the form and that he agreed with the facts supporting the plea as stated in the affidavit of probable cause from the criminal complaint, and which was attached to the form. The oral colloquy further indicated Washington understood his rights, was satisfied with his attorney's representation, understood the maximum sentence he faced and that imposition of sentence would be left to the sound discretion of the trial court. *See* N.T. Guilty Plea/Sentencing, 1/20/2015.

Regarding our review of the denial of a post-sentence motion to withdraw a guilty plea, we are mindful:

"[P]ost‑sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices." [*Commonwealth v.*] *Flick*, 802 A.2d [620] at 623 [(Pa. Super. 2002)]. A defendant must

demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. *Id.*, *citing* ***Commonwealth v. Gunter***, 565 Pa. 79, 771 A.2d 767 (2001); [***Commonwealth v.***] ***Kirsch***, 930 A.2d [1282] at 1284 [(Pa. Super. 2007)]. "Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily." ***Commonwealth v. Hodges***, 789 A.2d 764, 765 (Pa. Super. 2002), *citing* ***Commonwealth v. Persinger***, 532 Pa. 317, 615 A.2d 1305 (1992). In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. ***Commonwealth v. Flanagan***, 578 Pa. 587, 854 A.2d 489, 500 (2004). A deficient plea does not *per se* establish prejudice on the order of manifest injustice. ***Commonwealth v. Carter***, 540 Pa. 135, 656 A.2d 463 (1995); ***Commonwealth v. Yager***, 454 Pa.Super. 428, 625 A.2d 1000 (1996), *appeal denied,* 549 Pa. 716, 701 A.2d 577 (1997).

***Commonwealth v. Broaden***, 980 A.2d 124, 129 (Pa. Super. 2009).

We begin by noting that the certified record belies Washington's claim that his guilty plea was in any way unknowing, unintelligent, or involuntary. The certified record contains ample evidence in both the written and oral colloquies that Washington entered into the guilty plea fully informed and voluntarily. Washington has filed a *pro se* "continuation" to counsel's ***Anders*** brief in which he also asserts his innocence and counsel's ineffectiveness. These arguments are unpersuasive. During his guilty plea colloquy, Washington stated he was satisfied with counsel's stewardship and admitted to the acts detailed in the affidavit of probable cause in the complaint. He cannot now obtain relief by disavowing those statements. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea

colloquy." ***Commonwealth v. Pollard,*** 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).   Accordingly, Washington cannot demonstrate he has suffered a manifest injustice and the trial court did not err in denying Washington's post-sentence motion to withdraw his guilty plea.

Washington's second claim is that the trial court erred in denying his motion to modify his sentence.   Specifically, he argues his sentence is manifestly excessive in that the trial court failed to adequately consider the requirements of the sentencing code when formulating his sentence.   This claim represents a challenge to the discretionary aspects of his sentence.[4] Once again, the certified record belies the claim.

Washington received a minimum sentence of 9 years' incarceration. Given his prior record score of five, the offense gravity score of eleven and the use of a deadly weapon enhancement (machete), the standard range for a minimum sentence was between 90 and 108 months' incarceration.   Since 9 years is 108 months, Washington received a standard range sentence. The trial court received and reviewed the presentence investigation report, heard from both the victim and Washington, and heard argument from both counsel.   The trial judge specifically noted he had considered all of the

---

[4] The Commonwealth has agreed that this claim raises a substantial question.  ***See*** Appellee's Brief at 11; ***Commonwealth v. Smith***, 863 A.2d 1172, 1177 (Pa. Super. 2004).  Therefore, we will not recite the technical requirements that must be met to challenge the discretionary aspects of a sentence.

provisions of the sentencing guidelines, most prominently considering "the rehabilitative needs of [Washington], the seriousness of the offense, [and] the possibility of diminishing in the eyes of the community the seriousness of the offense." *See* N.T. Guilty Plea/Sentencing, 1/20/2015, at 16. The trial judge also noted the "ghastly", *id*., nature of the injuries.[5] Following our review of the certified record, we agree with counsel that Washington's claim that his sentence is manifestly excessive and that the trial court failed to consider the statutory sentencing requirements is frivolous. Washington is not entitled to relief on this claim.

Motion to withdraw as counsel is granted. Application for relief is denied. Judgment of sentence is affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2015

---

[5] The certified record contains the photographs of the victim's injuries that show severe gashes, quite possibly to the bone, to the victims arm and knee. We believe that "ghastly" is an appropriate description. The wounds were inflicted early in the morning when Washington let himself into the victim's home and initially attacked her as she slept.